# Central Poor District v. Overseers of the Poor of Union Township

*Robert L. Coughlin,* for plaintiff; *Donald Coughlin,* for defendants.

VALENTINE, J., March 9, 1934.—Robert Gregory was admitted to the alms-house at Retreat on July 26, 1927, by order of the court of quarter sessions, as follows:

"Now, July 26, 1927, upon application of Wyoming Valley Crippled Children's Association, the Sheriff of Luzerne County is directed to remove said Robert Gregory to the almshouse at Retreat, Pa., and it is further ordered and decreed that the liability for the maintenance and support of said child be paid by the Poor District of Union Township, Pa."

At that time, the child was crippled and hopelessly insane. His father, Robert B. Gregory, resided in Union Township.

On March 14, 1931, the plaintiff district presented its petition praying "for a citation to the Overseers of the Poor of the Township of Union requiring them, or one of them, to appear . . . at a time specified therein to show cause why an order should not issue for the removal of the said Robert Gregory into that district." Upon presentation of the petition the court (Jones, J.) directed a citation to issue returnable April 10, 1931. No hearing was held, no testimony offered, and no further action taken until December 8, 1933, at which time, on application of the solicitor for the plaintiff district, January 2, 1934, was fixed as a time for hearing. In the meantime, on May 18, 1932, Robert Gregory had been removed to Pennhurst, where he died May 30, 1932.

The plaintiff's petition is presented under the provisions of sections 801, 802, and 804 of the Act of May 14, 1925, P. L. 762. These sections read, in part, as follows:

"801. In case any person shall have no settlement in the district wherein he has become, or is likely to become, a public charge, it shall be the duty of the directors, as soon as may be, to notify the directors of the district of his settlement of the facts, and from the time of such notice the cost of his relief shall be charged to the district of his settlement. If the directors so notified refuse or neglect to receive him, or to make arrangements for his proper support and maintenance, the directors furnishing such relief may apply to the court of quarter sessions of their county, or to any judge thereof, by petition, asking for a citation to the directors so refusing or neglecting, requiring them to appear before such court at a time specified therein and show cause why an

order should not issue for the removal of such person into their district. The said court shall proceed to hear and determine the cause upon its merits, and their decree shall be final unless an appeal therefrom be taken within thirty days.

"802. In case an order of removal is granted by any court of quarter sessions, under the provisions of this act, the court in the same order shall require the directors of the district of settlement to pay the petitioners the cost of the proceedings, the expense of removing, and the proper charges for the relief of the poor person from the date of the notice first above provided for, all of which expense, cost, and charges shall be ascertained and allowed by the court. If an order of removal is refused, the cost of the proceeding shall be paid by the directors petitioning therefor.

"804. If any person shall come out of any poor district in this Commonwealth into any other district and shall happen to fall sick or die before he has gained a settlement therein, so that he cannot be removed, the directors of such district shall, as soon as conveniently may be, give notice to the directors of the district where such person had last gained a settlement, or to one of them, of the name, circumstances, and condition of such poor person, and if the directors to whom such notice shall be given shall neglect or refuse to pay the moneys expended for the use of such poor person and to take orders for relieving and maintaining him, or in case of his death before such notice could be given, shall on request made neglect or refuse to pay the moneys expended in maintaining and burying such poor person, in every such case the procedure defined in section eight hundred and one of this act may be invoked to compel payment by such district of all such sums of money as were expended for said purposes."

Counsel for the respondent district moved to dismiss the proceedings for the following reasons:

"1. Said Robert Gregory was admitted improperly and unlawfully to the almshouse of Central Poor District of Luzerne County, at Retreat, Pa.

"2. Said Robert Gregory was a minor under the age of 16 years and was not a proper charge upon the Overseers of the Poor of the Township of Union, or was not a charge or liable to become a charge upon the Central Poor District of Luzerne County, in that his father, Bruce Gregory, was a farmer, and the owner of a farm in the Township of Union, Luzerne County, Pa.

"3. The proceedings are abated because: (a) Of the death of the said Robert Gregory, who died May 30, 1932; (b) said Robert Gregory was removed from the almshouse at Retreat to Pennhurst on May 18, 1932, being about 12 days before his death."

In support of his contention that the death of the child, pending the application for removal, abates the proceedings and leaves the court without jurisdiction counsel has cited the case of Bellefonte Borough Poor District v. Howard Borough Poor District, 22 Dist. R. 901. This decision was rendered under the Act of April 6, 1905, P. L. 112. Section 801 of the later Act of 1925 is a reënactment of the provisions of this earlier act. The earlier act did not provide, as does section 804 of the Act of 1925, that proceedings similar to the application for removal may be invoked to compel payment of moneys expended, and counsel for the plaintiff relies upon this provision. However, we incline to the opinion that the present case does not fall within the provisions of section 804.

Robert Gregory did not come from the respondent district into the plaintiff district and there become a public charge or fall sick and die before he had gained a settlement therein. He was placed in the custody of the plaintiff district by order of the court of quarter sessions, which decreed that liability for his maintenance and support should be paid by the Poor District of Union Town-

ship. We are constrained to the conclusion that the court was without authority to make such an order, that the present proceeding is in effect an application for its enforcement, and that the defendant district cannot be compelled to comply therewith.

The Act of June 7, 1923, P. L. 677, provides: "That crippled children whose parents or guardians fail or are financially unable to provide suitable medical and surgical aid, treatment, and education, when necessary, may, with the consent of the parents or guardian of such child, be committed to a crippled children's home or orthopædic hospital or other institution. . . . The expenses for maintenance, treatment, conveyance, and education of such crippled child shall be first paid by the county of its residence and then may be charged to the parent or guardian, if able to pay, in whole or in part, as the court may direct."

The court was without authority to decree that the respondent district should pay for the maintenance of the child. Respondent's motion to dismiss should be allowed. From Frank P. Slattery, Wilkes-Barre, Pa.